IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BOOZER, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARRY SMITH, et al, ) <br> ) <br> Defendants. ) | Civil Action No. 3: 18-cv-0006 <br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

**I.   Introduction**

Presently pending before the Court for disposition is the Motion to Dismiss Plaintiff's Complaint, or in the alternative, For Summary Judgment filed by Defendants Correct Care Solutions, Inc., Dr. Mohammad Naji, Patrick Nagle, Casey Thornley, and Margaret Barnes (hereinafter collectively referred to as the "Medical Defendants") (ECF No. 28). Plaintiff has filed a response in opposition (ECF No. 54). For the reasons that follow, summary judgment will be granted to Medical Defendants Naji, Thornley, Nagle, and Correct Care Solutions, Inc. ("CCS") on all of Boozer's claims for failure to exhaust administrative remedies. Summary judgment will be granted to Medical Defendant Barnes on all of Boozer's claims, with the exception of the deliberate indifference claim, for failure to exhaust administrative remedies.

The Medical Defendants' Motion to Dismiss the deliberate indifference claim against Medical Defendant Barnes will be denied.

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), all served parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 21, 34, and 37. The four John Doe defendants remain unidentified and unserved.

1

## II. Background

Plaintiff, Richard L. Boozer, Sr. ("Boozer"), is a *pro se* Pennsylvania state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Institution - Houtzdale. Named as defendants are the moving Medical Defendants, along with various officers and employees of the DOC.[2]

Plaintiff initiated this lawsuit in the United States District Court for the Middle District of Pennsylvania on December 12, 2017, with the filing of a motion for leave to proceed *in forma pauperis*, with an attached civil rights complaint. (ECF No. 1). The case was transferred to the Western District of Pennsylvania on January 9, 2018. (ECF No. 7). After this Court received the necessary financial documents from Boozer, his request for leave to proceed *in forma pauperis* was granted (ECF No. 10) and, thereafter, the named defendants were served.

Through his complaint, Boozer alleges that the Defendants have violated his rights under the First, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. As to the Medical Defendants, the moving parties, he specifically alleges that as of September 1, 2016, his sick call requests were routinely ignored out of deliberate indifference to his medical needs and in retaliation for a previous lawsuit he filed. Plaintiff also alleges that his treatment for colitis stopped after Dr. Naji instructed medical staff between October and November of 2017 to not provide further treatment until Plaintiff undergoes a colonoscopy, a procedure which Boozer has refused.

On May 31, 2018, the Medical Defendants filed the instant motion to dismiss, alleging, *inter alia*, that Plaintiff failed to exhaust his administrative remedies with respect to any claim brought against Defendants Naji, Thornley, Nagle, and CCS as he is required to do pursuant to

---

[2] The DOC defendants filed an Answer to the Complaint on June 13, 2018. (ECF No. 35).

the Prison Litigation Reform Act ("PLRA") and therefore, he is barred from pursuing these claims. As to Defendant Barnes, the Medical Defendants argue that Plaintiff's claims against her should be dismissed in part due to his failure to exhaust his administrative remedies and, in part, for his failure to state a viable claim of deliberate indifference. Because Defendants presented material outside of the complaint, the Court converted the motion to dismiss into a motion for summary judgment on the issue of exhaustion, and allowed the parties time to submit additional briefing and evidence. The parties were informed that the remainder of the Medical Defendants' motion would be decided under the standards for deciding motions to dismiss. The issues now have been fully briefed (ECF Nos. 29, 54, 56, 57, 59, and 60[3]) and the factual record as to exhaustion as been fully developed. The motion is ripe for disposition.

### III. Standard of Review

#### A. *Motion to Dismiss*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must

---

[3] Plaintiff's Unsworn Declaration filed at ECF No. 60 is duplicative of his Unsworn Declaration filed at ECF No. 56.

state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule

12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

Finally, a court must employ less stringent standard when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dlunos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

B. *Motion for Summary Judgment*

Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'affect[s] the outcome of the suit under the governing law'." *Bland v. City of Newark,* Nos. 17-2228, 17-2229, -- F.3d ---, 2018 WL 3863378, at *3 (3d Cir. Aug. 15, 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City*,

709 F.3d 181 (3d Cir. 2013). Rather, "[i]n determining whether a genuine dispute of material fact exists, [the Court] view[s] the underlying facts and draw[s] all reasonable inferences in favor of the party opposing the motion." *Bland*, 2018 WL 3863378 at *3 (citing *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014)).

## IV. Discussion

### A. *The Administrative Exhaustion Requirement*

The Medical Defendants' first argument is that Plaintiff's claims brought against Defendants Naji, Thornley, Nagle, and CCS should be dismissed in their entirety as Plaintiff has failed to fully exhaust his administrative remedies. The Medical Defendants also argue that Plaintiff's claims against Defendant Barnes should be dismissed in part due to his failure to exhaust his administrative remedies. As the parties were advised, the motion to dismiss was converted to a motion for summary judgment on this issue.

The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The requirement that a prisoner exhaust administrative remedies applies to all prisoner suits regarding prison life, including those that involve general circumstances as well as particular episodes. *Porter v. Nussle*, 534 U.S. 516 (2002). The exhaustion requirement is not a technicality, rather it is a federal law which federal district courts are required to follow. *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Whether a prisoner has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Paladino v. Newson*, 885 F.3d 203, 210 (3d Cir.

6

2018) (citing *Small v. Camden County*, 728 F.3d 265, 268 (3d Cir. 2013)); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The PLRA requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance / appeal system and a procedurally defective administrative grievance or appeal precludes action in federal court. *Fennell v. Cambria County Prison*, 607 F. App'x 145, 149 (3d Cir. 2015) (citing *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006) and *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2008)).

The exhaustion requirement is a "bright-line rule" and "it is beyond the power of this court – or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy, or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Likewise, as previously stated, our appellate court has been very clear that all available remedies must be exhausted prior to filing suit. *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006).

The PLRA itself does not have a "name all defendants" requirement. *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 217 (2007)). However, the United States Court of Appeals for the Third Circuit has found that where an inmate fails to specifically name the individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. *Spruill v. Gillis,* 372 F.3d 218, 234 (3d Cir. 2004). Similarly, in order to properly exhaust as to a particular issue or claim, the inmate-plaintiff is required to name that issue or claim in the operative grievance or else the grievance is procedurally defective as to that issue or claim.

*Boyd v. U.S.*, 396 F. App'x 793, 796 (3d Cir. 2010); *Stewart v. Kelcher*, 358 F. App'x 291, 296-97 (3d Cir. 2009).

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The DOC maintains three separate policies that prisoners can use to present grievances administratively: (i) the Inmate Discipline Policy, DC-ADM 801; (ii) the Administrative Custody Policy, DC-ADM 802; and (iii) the Inmate Grievance System Policy, DC-ADM 804, which is built around a multi-tier process. DC-ADM 804 provides for an initial grievance at the institutional level, an appeal to the Facility Manager, and an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 151 (3d Cir. 2016). Prison grievance procedures supply the yardstick for measuring procedural default. *Spruill*, 372 F.3d at 227-32 (3d Cir. 2004); *see also Jones v. Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In support of their motion, the Medical Defendants have attached twenty-two (22) grievances which Plaintiff submitted to SOIGA on final appeal while at SCI Houtzdale. (ECF No. 29-1 and 29-2). The summary judgment reflects that of these twenty-two (22) grievances, only two involved medical, non-dental issues: Grievance Nos. 647691 (ECF No. 29-1, at pp. 62-76) and 680374 (ECF No. 29-2, at pp. 89-113).

In Grievance No. 647691, dated October 13, 2016, Boozer alleges that he made a sick call request on October 12 for a renewal of his stool softener medication and he was scheduled

8

to be seen on October 13, 2016.[4] He alleges that the attending physician canceled the October 13, 2016, sick call in deliberate indifference to his medical needs. (ECF No. 29-1, at 66-67). Notably, Plaintiff does not specifically name the medical staff person for whom he initiated the grievance.

On October 28, 2016, Plaintiff's grievance upon initial review was denied in part (as the requested medication had been renewed) and upheld in part as "Boozer was not provided with sick call services that were scheduled." *Id*. at 68. On November 2, 2016, Boozer filed an appeal to the Facility Manager and in this appeal, he identified Margaret Barnes, CRNP as having been involved in the denial of his sick call request. *Id*. at 69-70. Notably, this is the only mention of one of the Medical Defendants made by Plaintiff in Grievance No. 647691. The Facility Manager upheld the initial response (*id*. at 71), and on November 18, 2016, Boozer filed an appeal with SOIGA. (*Id*. at 72). Again, in his final appeal, Boozer did not specifically name the medical staff person for whom he initiated the grievance. The Final Appeal Decision was issued on January 27, 2017, and found as follows:

> A review of the record was conducted by the Bureau of Health Care Services. Upon reviewing your medical record, it was determined that the medical care provided was reasonable the appropriate. The review found that your sick call request was for a refill of your medications. A chart review was completed by medical and the medications were reordered. There was no medical need for the sick call visit. No evidence of neglect or deliberate indifference was found.
>
> This office upholds the decision of the Bureau of Health Care Services, the Facility Manager, and the Grievance Officer in denying your grievance and requested relief.

*Id*. at 62. The summary judgment record is clear that, at best, Margaret Barnes is the only Medical Defendant named in Grievance No. 64769.

---

[4] Plaintiff's complaint states that the sick call was cancelled on or about September 1, 2016; however, Grievance No. 647691 states that his sick call was canceled on October 13, 2016.

9

The second grievance, Grievance No. 680374, was filed by Boozer on June 2, 2017. In this grievance, Boozer complained that Pa-C Thornley was deliberately indifferent to Boozer's medical needs because he had denied Boozer anti-inflammatory medication for his arthritis in his back and hip. (ECF No. 29-2, at 95). This grievance was denied at all levels of administrative review.

Although PA Thornley is a named defendant in this lawsuit, Plaintiff's allegations in this grievance do not relate to his claims in the Complaint - i.e., an alleged denial of sick call requests and an alleged denial of treatment for his colitis. Further, the grievance does not name any of the other Medical Defendants named in this lawsuit. Accordingly, the Court finds that Grievance No. 680374 does not exhaust any of the allegations asserted by Plaintiff in his complaint, including those directed to Defendant Thornley.

In sum, the summary judgment record evidence reflects that Boozer has only properly pursued two grievances through final review that relate to his non-dental, medical treatment; however, only one of these grievances, Grievance No. 647691, names a Medical Defendant named in this lawsuit (Margaret Barnes) and makes allegations relevant to the allegations set forth in the Complaint (i.e., his sick call request on October 12, 2016, was ignored due to Barnes's alleged deliberate indifference). Because Boozer has only exhausted his administrative remedies as to Margaret Barnes and only as to his claim that she ignored his sick call requests due to her deliberate indifference, Boozer is now precluded from pursuing any claims against the Medical Defendants Naji, Thornley, Nagle, and CCS.

Further, because Grievance No. 647691 contains no allegation of retaliation and does not complain of facts beyond October 13, 2017, the Court finds that Plaintiff has failed to properly grieve his claim of retaliation and has failed to properly grieve his claim relating to any

facts beyond October 13, 2017.[5] For these reasons, summary judgment will be entered in favor of Medical Defendants Naji, Thornley, Nagle, and CCS on all claims. Further, summary judgment will be entered in favor of Medical Defendant Margaret Barnes on all claims <u>except</u> Boozer's deliberate indifference claim against her.

The Court now turns to Boozer's deliberate indifference claim against Margaret Barnes, which is the only remaining claim against a Medical Defendant.

### B. *Deliberate Indifference Claims Against Medical Defendant Margaret Barnes*

Boozer alleges that Medical Defendant Barnes was deliberately indifferent to his serious medical needs when she canceled a sick call with him on or about September 1, 2016.[6] The Medical Defendants argue that Plaintiff has failed to state an actionable claim of deliberate indifference because although Barnes canceled the sick call, Boozer's requested medications were renewed the next day and he was then seen in sick call on October 19, 2016.

On the limited record before the Court at this early stage of the litigation, accepting the facts alleged in the complaint as true and construing them in the light most favorable to Boozer, the Court finds that Boozer has alleged enough to create a plausible deliberate indifference claim against Medical Defendant Margaret Barnes that should be allowed to continue beyond the Defendants' motion to dismiss. Although Boozer's claim against Medical Defendant

---

[5] The summary judgment reflects that on October 20, 2016, Boozer filed Grievance No. 648769, in which he complained that on October 12, 13, 14, and 23, 2016, his sick call requests were cancelled for a wide variety of non-medical reasons, including retaliation. On January 6, 2017, the grievance was dismissed at the final appeal level as not being understandable. (ECF No. 29-1, p 77).

[6] Again, the Court notes that Plaintiff's Complaint asserts that a sick call was cancelled on September 1, 2016; but in the grievance which he exhausted, he asserted a sick call was scheduled for October 13, 2016, but cancelled. The Medical Defendants have noted the discrepancy of the dates, and represent to the Court that "counsel is giving Plaintiff the benefit of the doubt, given that this is the only grievance related to a canceled sick call and appears to be what Plaintiff intends to refer to in spite of the difference in dates." Br. at 14, n. 6. (ECF No. 29).

Barnes may ultimately not succeed on the merits, the Court cannot say at this juncture that the claim is "indisputably meritless," "fantastic or delusional," "of little or no weight," or "trivial." *Neitzke v. Williams*, 490 U.S. at 325, 327 (1989).

## V.     Conclusion

For all these reasons, the Medical Defendants' Motion to Dismiss, which was converted into a Motion for Summary Judgment on the issue of exhaustion only, will be granted in part and denied in part.  Summary judgment will be granted to Medical Defendants Naji, Thornley, Nagle, and CCS on all of Boozer's claims for failure to exhaust administrative remedies. Summary judgment will be granted to Medical Defendant Barnes on all of Boozer's claims, with the exception of his deliberate indifference claim, for failure to exhaust administrative remedies.

The Medical Defendants' Motion to Dismiss the deliberate indifference claim against Medical Defendant Barnes will be denied.

An appropriate Order follows.


                                                  s/Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

Dated:  October 10, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BOOZER, SR., | ) |
| Plaintiff, | ) Civil Action No. 3: 18-cv-0006 |
| v. | ) United States Magistrate Judge |
| BARRY SMITH, et al, | ) Cynthia Reed Eddy |
| Defendants. | ) |

## ORDER OF COURT

**AND NOW** this 10th day of October, 2018, upon consideration of the Medical Defendants' Motion to Dismiss Plaintiff's Complaint Or In The Alternative For Summary Judgment, for the reasons stated in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that summary judgment is **GRANTED** on all claims against Medical Defendants Naji, Thornley, Nagle, and CCS for failure to exhaust administrative remedies.

It is further **ORDERED** that summary judgment is **GRANTED** on all claims against Medical Defendant Margaret Barnes, with the exception of Plaintiff's claim of deliberate indifference, for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** on Boozer's deliberate indifference claim against Medical Defendant Margaret Barnes.

Medical Defendant Margaret Barnes shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: RICHARD L. BOOZER, SR.
CS-5766
SCI HOUTZDALE
P.O. BOX 1000
209 Institution Drive
Houtzdale, PA 16698-1000
(via U.S. First Class Mail)

All counsel of record
(via ECF electronic notification)