**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RICHARD L. BOOZER, SR.,                   )
                                          )
            Plaintiff,                    )        Civil Action No.  3: 18-cv-0006
                                          )
            v.                            )        Chief United States Magistrate Judge
                                          )        Cynthia Reed Eddy
MARGARET BARNES, CRNP,                    )
                                          )
            Defendant.                    )

**MEMORANDUM OPINION[1]**

## I.      Introduction

Defendant Margaret Barnes, CRNP, has filed a motion for summary judgment contending that no reasonable fact finder could find that she was deliberately indifferent to Plaintiff's serious medical needs.  After considering the motion (ECF No. 168), the brief and materials in support of the motion (ECF Nos. 169, 170, 173), Plaintiff's response and materials in opposition (ECF Nos. 192, 193), and Defendant Barnes's reply (ECF  No. 235),  the motion will be granted.

Plaintiff, Richard L. Boozer, Sr., is a state prisoner in the custody of the Pennsylvania Department of Corrections currently incarcerated at SCI-Houtzdale.  After granting summary judgment to Defendants Correct Care Solutions, Inc., Dr. Mohammad Naji, Patrick Nagle, and Casey Thornley based on Plaintiff's failure to exhaust administrative remedies, the sole claim remaining is an Eighth Amendment claim of deliberate indifference against Margaret Barnes, CRNP.  Plaintiff contends that on four occasions Defendant Barnes "delayed and denied

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment.  *See* ECF Nos. 34 and 37.

Plaintiff access to sick call evaluations by refusing to process his sick call requests slips . . . thereby cancelling Mr. Boozer's appointments by sending written notes upon Plaintiff's sick call requests." P's resp. in opposition at 3. (ECF No. 192). Defendant Barnes responds that no reasonable fact finder could find that she was deliberately indifferent to Plaintiff's serious medical needs.

## II.    Standard of Review

Summary judgment may be granted if, drawing, all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Bland v. City of Newark,* Nos.  900 F.3d 77, 83 (3d Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).   Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular pat of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1).   The moving party may discharge its burden by "point out to the district

court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question.  *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Fed. R. Civ. P. 56(c)(1).  When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party.  *Berckley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City*,  709 F.3d 181 (3d Cir. 2013).  Rather, "[i]n determining whether a genuine dispute of material fact exists, [the Court] view[s] the underlying facts and draw[s] all reasonable inferences in favor of the party opposing the motion."  *Bland*, 900 F.3d at 84 (citing *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014)).

## III.    Factual Background

The following relevant factual background is taken from the summary judgment record and is viewed in the light most favorable to Plaintiff, as he is the non-movant.

The undisputed medical evidence reflects that Plaintiff has a history of chronic constipation secondary to prior laxative abuse.  Plaintiff was transferred from SCI-Greene to SCI-Houtzdale on March 31, 2016.

At the heart of this case, are four Sick Call Requests submitted by Plaintiff in October 2016, and another Sick Call Request submitted by Plaintiff in November 2016, to which he alleges that Defendant Barnes "delayed and denied Plaintiff access to sick call evaluations by refusing to process his sick call request slips, complaining of serious medical conditions. Thereby cancelling Mr. Boozer's appointments by sending written notes upon Plaintiff's sick call requests."  P's Resp. at 3 (ECF No. 192).

The medical record evidence reflects that on August 16, 2016, Dr. Muhammad Naji, the Medical Director at SCI-Houtzdale, evaluated Plaintiff regarding his complaints of chronic constipation.  Plaintiff reported that his current medications were not helping.  Dr. Naji decided to discontinue the prescriptions for Colace, Miralax, and FiberLax and prescribed Lactulose and Milk of Magnesia as needed. (*Id.*, Exh. A at 18, 161).

The first sick call request at issue was submitted by Plaintiff on October 12, 2016 in which he stated,

> All and any medications updated finally I complain that my bowel movements are hard and some minor blood is appearing.  Conclusion – I request to know specifically the date, the reasons, person and why I was removed from Colace and Fiberlax.

(ECF No. 170-2, Exh. B at 13).  It appears from the record that Defendant Barnes cancelled this sick call request and instead reviewed Plaintiff's medical chart. (*Id.* at 7). She provided a written response stating, "Mr. Boozer – I restarted your Colace and Fiberlax."  (*Id.*, Exh. A at 219).[2]

_____

[2]    While Barnes's written note indicates that Colace was restarted, the Order History Report indicates that Colace was not restarted.  Instead, the summary judgment record reflects

The next day, on October 13, 2016, Plaintiff submitted a second sick call request in which he again stated,

> All and any medications updated finally I complain that my bowel movements are hard and some minor blood appearing. Conclusion – I request to know specifically, the date, reasons person and why I was removed from my Colace and Fiberlax medications.

(Id., Exh. B at 14). It appears that this sick call request was also cancelled. The summary judgment record reflects, however, that on October 13, 2016 at 6:55 AM, Defendant Barnes placed an order for FiberLax 625 mg tablet to continue until May 10, 2017. (*Id*. at 17).

On October 14, 2016, Plaintiff again placed a sick call request in which he stated,

> All and any medications updated. Next, I complain that my bowel movements are hard and some minor blood appearing. Finally, I request to know specifically, the date, person, reason or why I was removed from my Colace and Fiberlax medications.

(*Id*. at Exh. B. at 15). Again, it appears that this sick call request was cancelled; however, five days later, on October 19, 2016, Plaintiff was evaluated by Dr. Naji in the chronic care clinic. At that time, no acute distress or complaints of rectal bleeding was noted. (*Id*. at Exh. A at 157-58, 194). Two days later, on October 21, 2016, PA-C Nagle met with Plaintiff regarding his requests for Colace and FiberLax. PA-C Nagle noted that Plaintiff's medication previously had been adjusted by Dr. Naji and no further adjustments were to be made at that time. (*Id*., Exh. A at 157).

On October 23, 2016, Plaintiff submitted his fourth sick call request in which he stated,

> Update refills for multivitamins, aspirin, . . . Colace . . and FiberLax . . . as original prescri[p]tion.

(*Id*. at 220). Defendant Barnes cancelled the sick call request, but provided Plaintiff with a written response, stating "Mr. Boozer, meds were renewed." (*Id.*).

---

that on October 13, 2016, Defendant Barnes ordered Relafen and FiberLax. (ECF No. 170-1, Exh. A at 17 – 18).

On November 16, 2016, Plaintiff submitted the fifth sick call request in which he wrote, "This is request to prescribe Fiberlax twice daily and to reorder Colace twice daily." (*Id*. at 221). On November 17, 2017, Defendant Barnes met with Plaintiff in response to his sick call request. At that time, his prescription for FiberLax was renewed, but not the prescription for Colace. (*Id*. at 157, 221).

## IV.    Discussion

Plaintiff asserts that Defendant Barnes inappropriately cancelled his sick call requests and prevented him from being evaluated in violation of the Eighth Amendment.

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id*. at 104 (citation omitted). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prisoner officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also West v. Keve,* 571 F.2d 158, 161 (3d Cir. 1978) ("This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious.").

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Id.*

Defendants do not challenge that Plaintiff has a serious medical need.  Accordingly, the Court turns to whether Defendant Barnes exhibited deliberate indifference towards that need.

The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is frequently equated with recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received medical care and only the adequacy of the treatment is disputed, courts are often reluctant to second guess professional medical judgment.  *See id.*  However, deliberate indifference can be manifested by an intentional refusal to provide care, delayed medical treatment, and the denial of prescribed medical treatment.  *See Durmer*, 991 F.2d at 64; *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may be shown by intentionally denying or delaying medical care.").   A mere difference of opinion between the prison medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *Lanzaro*, 834 F.2d at 346.   Indeed, "[m]ere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc*., 499 F. App'x 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).   The key question is whether the defendant has provided the inmate with some type of treatment, regardless of whether it is what the inmates desires.  *See, e.g., Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

Here, the record reflects that from the time Plaintiff was transferred to SCI-Houtzdale, he was provided significant medical care for his serious medical needs. From April 2016 through May 2017, he was seen by the medical staff, including Dr. Naji, Defendant Barnes, PA-C Thornley, and PA-C Nagle, at least twenty times for his complaints relating to chronic constipation. (ECF No. 170, Exh. A). Additionally, he was seen by the medical staff on numerous other occasions for his complaints of cracked skin, back pain, and right arm pain. Although Plaintiff's four sick call requests were cancelled in October 2016, his medications, to the extent medically permissible,[3] were able to be renewed without being seen in sick call.[4] The medical records reveal that Plaintiff was provided timely and appropriate care for his chronic constipation and his requests that his stool softener be renewed in October 2016 were granted. Further, in response to Plaintiff's November 16, 2016, sick call request, Defendant Barnes met with him the following day and explained that FiberLax would be renewed but Colace was not able to be renewed.

What medical treatment should be undertaken is within the appropriate discretion of the correctional health care provider, and as long as that judgment is meaningfully and appropriately exercised, such treatment will satisfy the Eighth Amendment. Here, while Plaintiff faults Defendant Barnes for cancelling his sick call requests, the undisputed summary judgment record reflects that his requested medication was renewed to the extent medically appropriate.

The record is clear that at most, Plaintiff's claims of deliberate indifference amount to a mere disagreement with the treatment he was provided – or a misunderstanding of how

---

[3]     Colace was not renewed per Dr. Naji's August 16, 2016 order. Plaintiff's prescriptions could only be renewed as determined by the medical director's judgment.

[4]     It is worth noting that having his prescriptions renewed in this fashion allowed Plaintiff to receive what he was asking for without having to pay any co-pay.

medications can be renewed – which is not sufficient to substantiate a claim of deliberate indifference in violation of the Eighth Amendment.  This Court finds no support in the summary judgment record that the medical treatment Plaintiff received amounted to deliberate indifference to his serious medical needs.  Rather, the record reveals remarkable attentiveness to all of Plaintiff's serious medical needs on the part of Defendant Barnes and the medical staff at SCI-Houtzdale.

## V.    Conclusion

The Court finds that the summary judgment record is void of any plausible evidence from which a fact finder could find that Defendant Barnes was ever deliberately indifferent to Plaintiff's serious medical needs. Accordingly, summary judgment will be granted to Defendant Barnes.  An appropriate Order follows.


<u>s/Cynthia Reed Eddy</u>
Cynthia Reed Eddy
Chief United States Magistrate Judge


Dated:  December  18, 2020



cc:    **RICHARD LONEY BOOZER, SR.**
       CS-5766
       SCI HOUTZDALE
       P.O. BOX 1000
       209 Institution Drive
       Houtzdale, PA 16698-1000
       (via U.S. First Class Mail)

       All Counsel of Record
       (via ECF electronic notification)